I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 7·11·13

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 11 2013

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN ADALL,[1]<br><br>    Petitioner,<br><br>vs.<br><br>RICK M. HILL, Warden,<br><br>    Respondent. | ) Case No. CV 13-4182-JVS (JPR)<br>)<br>)<br>) ORDER TO SHOW CAUSE<br>)<br>)<br>)<br>)<br>) |

On May 29, 2013, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody. He purports to challenge his October 2000 convictions in Los Angeles County Superior Court for robbery, in violation of California Penal Code section 211. (Pet. at 2.) Petitioner raises four claims: (1) the state superior court erred in denying his habeas

---

[1] Petitioner submitted the Petition under the name "Allen Adall" (see Pet. at 1, 8 & Attach. Mem. at 25) even though he appears as "Adall Allen" on the California Department of Corrections and Rehabilitation Inmate Locator website, see http://inmatelocator.cdcr.ca.gov/search.aspx, as well as in various court filings (see Pet. Attach. App. B ("Adall Allen")); Allen v. Hartely, No. 1:11-cv-01850-LJO-GSA-PC, 2013 WL 2902855 (E.D. Cal. Jun. 13, 2013) (same). Petitioner should inform the Court of his real name in his response to this Order to Show Cause.

1

petition as untimely; (2) his sentence was cruel and unusual under the Eighth Amendment; (3) his trial counsel was ineffective for allowing him to enter an unknowing and involuntary plea; and (4) his trial and appellate counsel were ineffective for failing to request an evidentiary hearing that would have proved that his sentence "amounted to stacking." (See id. at 5-6 & Attach. Mem.) Petitioner concedes that he did not appeal his convictions but instead filed a habeas petition "on or about" September 23, 2003, in the state superior court.[2] (See Pet. Attach. Mem. at 2 & App. B.) On October 28, 2003, the superior court denied his petition, apparently as untimely. (See Pet. at 3 & App. B.) On December 24, 2003, Petitioner filed a habeas petition in the California Court of Appeal. (See Pet. App. B.) The Court's review of the California Appellate Courts' Case Information website reveals that on January 14, 2004, the court of appeal denied that petition. On November 15, 2012, more than eight years later, Petitioner filed a habeas petition in the state supreme court for the first time. (See Pet. at 5-6.) The state supreme court denied his petition on January 30, 2013, with a citation to In re Robbins, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153, 159-60 (1998), indicating that it was untimely. See Thorson v. Palmer, 479 F.3d 643, 644-45 (9th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his

---

[2] The Court's review of the California Appellate Courts' Case Information website confirms that Petitioner did not directly appeal his convictions or sentence. He was therefore likely mistaken when he checked the box on the Petition indicating that he did appeal. (See Pet. at 2.)

convictions became final in which to file a federal habeas petition, absent a later trigger date or statutory or equitable tolling. See 28 U.S.C. § 2244(d)(1). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA permits statutory tolling, which suspends the limitation period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

§ 2244(d)(2). An application is "pending" until it has achieved final resolution through the state's postconviction procedures. Carey v. Saffold, 536 U.S. 214, 220, 122 S. Ct. 2134, 2138, 153 L. Ed. 2d 260 (2002). In California, a state habeas petition remains pending between a lower court's denial of it and the filing of a habeas petition in a higher state court as long as the length of that period is "reasonable." Evans v. Chavis, 546 U.S. 189, 191-92, 126 S. Ct. 846, 849, 163 L. Ed. 2d 684 (2006).

A petitioner is also entitled to equitable tolling if he shows that "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way." See Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2560, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks and citation omitted). The court reviews the timeliness of each claim in a habeas petition on an individual basis. See Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).

Because he did not appeal, Petitioner's October 2000 convictions presumably became final in December 2000, 60 days after the period for filing a notice of appeal had expired. See Griffin v. Grounds, 472 F. App'x 527, 528 (9th Cir. 2012) (California state conviction becomes final after 60 days if defendant does not appeal). Thus, absent a later trigger date or statutory or equitable tolling, Petitioner had until December 2001 to file his federal Petition. He did not file it until May 2013, 11 and a half years later. Accordingly, the Petition is apparently untimely.

A review of the Petition and its attachments suggests that Petitioner has not shown that he is entitled to a late enough

trigger date to render his federal Petition timely. As to claims one through three, he seems to rely on § 2244(d)(1)(D) based on his "economic situation" and trial counsel's ineffective assistance, which purportedly made it impossible to timely discover the facts underlying those claims. (See Pet. Attach. Mem. at 8-9.) However, Petitioner should have been aware of the factual predicates of claims two and three - which challenge his sentence and trial counsel's effectiveness during the plea proceedings - before his convictions became final under AEDPA, in December 2000. Petitioner therefore is not entitled to a later trigger date under § 2244(d)(1)(D) as to those claims. See Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir.) (explaining that petitioner not entitled to later trigger date under § 2244(d)(1)(D) if he could have discovered "vital facts" of claim by end of appellate process), cert. denied, 133 S. Ct. 769 (2012). As to claim one, Petitioner could have discovered its factual predicate on October 28, 2003, when the state superior court denied his habeas petition as untimely. Thus, even with a later trigger date under § 2244(d)(1)(D), claim one's one-year limitation period would have expired, absent statutory or equitable tolling, on October 28, 2004.

As to his ineffective-assistance-of-counsel claim in claim four, Petitioner seems to contend that he is entitled to a later trigger date under § 2244(d)(1)(C) based on subsequent Supreme Court precedent, Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). (See Pet. at 3 & Attach. Mem. at 18-25.) Even if that were true, his

Petition would still be more than five years late, absent statutory or equitable tolling, given that the latest of those decisions, Cunningham, was decided in January 2007.

Petitioner apparently is not entitled to sufficient statutory tolling under § 2244(d)(2) to render his Petition timely. As to claims two and three, Petitioner's limitation period began when his convictions became final, in December 2000; it ended a year later, in December 2001. Petitioner did not file a state habeas petition until September 23, 2003, after the limitation period had already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that AEDPA limitation period cannot be "reinitiat[ed]" if it ended before state habeas petition was filed). Petitioner therefore is not entitled to any statutory tolling as to claims two and three.

As to claim one, Petitioner's limitation period began on October 28, 2003, and would have expired a year later, on October 28, 2004. Within that period, he presumably is entitled to statutory tolling of approximately three weeks, from December 24, 2003, to January 14, 2004, between his filing of his court-of-appeal petition and that court's denial of it. He is not entitled to statutory tolling of any subsequent period because the state supreme court found his next petition, filed more than eight years later, on November 15, 2012, to be untimely. See Thorson, 479 F.3d at 645 (statutory tolling not available for petitions rejected by state court as untimely). Thus, even with statutory tolling, claim one's limitation period apparently expired some three weeks after October 28, 2004.

As to claim four, Petitioner apparently is not entitled to

any statutory tolling. Even assuming he were entitled to the latest trigger date noted above - January 2007, when the Supreme Court issued <u>Cunningham</u> - the limitation period would have expired in January 2008. Again, Petitioner is not entitled to statutory tolling of any of the post-<u>Cunningham</u> period because he did not file his state supreme court petition until November 15, 2012, after the limitation period had expired. <u>See</u> <u>Ferguson</u>, 321 F.3d at 823.

Even construing his arguments under § 2244(d)(1)(D) about his lack of financial means to hire habeas counsel as seeking equitable tolling (Pet. Attach. Mem. at 8-9), the Petition lacks any facts that could conceivably entitle Petitioner to it. In fact, Petitioner clearly had counsel to prepare his petition in the state court of appeal. (<u>See</u> Pet. App. B at 4.) In any event, Petitioner is not constitutionally entitled to counsel on habeas, <u>see</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L. Ed. 2d 539 (1987) (noting that "right to appointed counsel extends to the first appeal of right, and no further"), and thus his lack of habeas counsel would not likely be an "extraordinary circumstance" warranting equitable tolling, <u>cf.</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). If Petitioner contends that his habeas counsel somehow "abandoned" him, causing the untimely filing of the state supreme court petition, <u>see</u> <u>Maples v. Thomas</u>, 565 U.S. ___, 132 S. Ct. 912, 922-23 & n.7, 181 L. Ed. 2d 807 (2012) (noting that abandonment by counsel may constitute extraordinary circumstances

warranting equitable tolling), he must still explain why he waited more than eight years before filing the supreme court petition himself.

A district court may raise the statute-of-limitations issue when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **August 9, 2013**, Petitioner show cause in writing, if he has any, why the Court should not dismiss the Petition with prejudice because it is untimely. If Petitioner intends to rely on the equitable-tolling doctrine, he must include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts demonstrating that he could not have earlier filed his Petition through the exercise of reasonable diligence. Moreover, he must explain what "extraordinary circumstance" stood in the way of his earlier filing the Petition.

DATED: <u>July 11, 2013</u>

*[signature]*
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE