I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY Petitioner
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 11-22-13

DEPUTY CLERK

O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 2 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADALL ALLEN,[1]<br><br>    Petitioner,<br><br>    vs.<br><br>RICK M. HILL, Warden,<br><br>    Respondent. | Case No. CV 13-4182-JPR<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION AND DISMISSING ACTION WITH PREJUDICE |

On May 29, 2013, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody. At the same time, he submitted an "Election Regarding Consent to Proceed Before a United States Magistrate Judge" form, indicating that he voluntarily consented to "have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of

---

[1] Petitioner's name appears variously in the record as Adall Allen and Allen Adall. In his November 18, 2013 response to the Court's Order to Show Cause, he clarifies that his name is Adall Allen, which is how it appears on most of the state-court records. Accordingly, the Clerk is directed to amend the docket to reflect Petitioner's true name.

1

final judgment." The Petition purports to challenge Petitioner's October 2000 convictions in Los Angeles County Superior Court for robbery, in violation of California Penal Code section 211. (Pet. at 2.) Petitioner raises four claims: (1) the state superior court erred in denying his habeas petition as untimely; (2) his sentence was cruel and unusual under the Eighth Amendment; (3) his trial counsel was ineffective for allowing him to enter an unknowing and involuntary plea; and (4) his trial and appellate counsel were ineffective for failing to request an evidentiary hearing that would have proved that his sentence "amounted to stacking." (See id. at 5-6 & Attach. Mem.) Petitioner concedes that he did not appeal his convictions but instead filed a habeas petition "on or about" September 23, 2003, in the state superior court.[2] (See Pet. Attach. Mem. at 2 & App. B.) On October 28, 2003, the superior court denied his petition, apparently as untimely. (See Pet. at 3 & App. B.) On December 24, 2003, Petitioner filed a habeas petition in the California Court of Appeal. (See Pet. App. B.) The Court's review of the California Appellate Courts' Case Information website reveals that on January 14, 2004, the court of appeal denied that petition. On November 15, 2012, more than eight years later, Petitioner filed a habeas petition in the state supreme court for the first time. (See Pet. at 5-6.) It denied his petition on January 30, 2013, with a citation to In re Robbins, 18 Cal. 4th

---

[2] The Court's review of the California Appellate Courts' Case Information website confirms that Petitioner did not directly appeal his convictions or sentence. He was therefore likely mistaken when he checked the box on the Petition indicating that he did appeal. (See Pet. at 2.)

2

770, 780, 77 Cal. Rptr. 2d 153, 159-60 (1998), indicating that it was untimely. See <u>Thorson v. Palmer</u>, 479 F.3d 643, 644-45 (9th Cir. 2007).

Because the Petition on its face appeared to be untimely, on July 11, 2013, the Court ordered Petitioner to show cause in writing why it should not be dismissed with prejudice under the Antiterrorism and Effective Death Penalty Act of 1996's one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). After three extensions of time, Petitioner filed a Reply to the OSC on November 18, 2013. He claims that he is entitled to equitable tolling because his trial attorney promised him that if he pleaded guilty the attorney would file a notice of appeal, and yet he didn't do so. (Reply at 1-2.) Then, Petitioner ran out of funds to continue to pay his habeas counsel, who raised the claims in the Petition in state court in 2003, and therefore never filed a habeas petition in the state supreme court. (<u>Id.</u> at 3.) Finally, Petitioner claims entitlement to equitable tolling because he has only a ninth-grade education and "absolutely no knowledge as to the operation of laws." (<u>Id.</u> at 2.)

## DISCUSSION

A district court has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001). Here, the Court

3

gave Petitioner notice that his Petition appeared to be untimely and an opportunity to respond, which he has done.

Under AEDPA,

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

|    |                                                                                       |
|----|---------------------------------------------------------------------------------------|
| 1  | limitation under this subsection.                                                     |
| 2  | § 2244(d).                                                                            |

Under certain circumstances, a habeas petitioner may be entitled to equitable tolling of the limitation period, see Holland v. Florida, 560 U.S. 631, __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010), but only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way," Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).

In his Reply to the OSC, Petitioner does not contest that because he did not appeal his state judgment, his convictions became final in December 2000, 60 days after the period for filing a notice of appeal had expired. See Griffin v. Grounds, 472 F. App'x 527, 528 (9th Cir. 2012) (California state conviction becomes final after 60 days if defendant does not appeal). Petitioner also does not contest the Court's analysis in the OSC concerning a later trigger date and any available statutory tolling; as explained in the OSC, even assessing any such conceivable claims in the light most favorable to Petitioner, his Petition was still years late. Most likely for this reason, Petitioner argues only that he is entitled to equitable tolling.

But the Petition and Petitioner's Reply to the OSC lack any facts that could conceivably entitle Petitioner to equitable tolling. Petitioner concedes that he knew at least as of 2003 the factual predicate for all of his claims, including that his trial lawyer did not file a notice of appeal despite his alleged promise to do so; Petitioner filed a habeas petition raising all

the claims in the Petition in state superior court in September 2003. (See Pet. Attach. Mem. at 2 & App. B.) Even if his habeas counsel didn't raise the claims in the state supreme court because Petitioner ran out of money to pay him, Petitioner has not explained why he could not then have filed the state supreme court petition himself. Petitioner is not constitutionally entitled to counsel on habeas, see Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L. Ed. 2d 539 (1987) (noting that "right to appointed counsel extends to the first appeal of right, and no further"), and thus his lack of habeas counsel in the state supreme court is not an "extraordinary circumstance" warranting equitable tolling. Nor is Petitioner's ignorance of the law. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). The fact that Petitioner has now found a way to raise the same claims pro se, first in his 2012 state supreme court petition and now in his federal Petition, demonstrates that he is fully capable of representing himself; he has offered no reason why he could not have done so earlier, particularly given that his habeas lawyer had already prepared a petition.

    Because Petitioner has offered no valid justification for the delay in filing his federal Petition, he is not entitled to equitable tolling, and the Petition was filed late by more than a decade.

ORDER

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.[3]

DATED: November 22, 2013

*[signature]*
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[3] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge; Respondent has not yet been served with the Petition and therefore is not a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks omitted)). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1118-21 & n.3 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).